CHRISTIE SCOW CORPORATION v. THE DAUNTLESS et al.

CLEARY BROS. v. THE DAUNTLESS et al.
CARD TOWING LINE, Inc. v. THE DAUNTLESS et al.

THE SEABOARD NO. 53.

THE ROWEN CARD.

THE CLEARY NO. 49.

THE PORT HENRY.

Nos. 17592, 17642, 17791.

United States District Court
E. D. New York.

July 15, 1948.

Foley & Martin, of New York City (Christopher Heckman, of New York City, of counsel), for the Rowen Card.

Pyne & Lynch, of New York City (Anthony Lynch, of New York City, of counsel), for the Dauntless.

John R. Stewart, of New York City (Christopher Heckman, of New York City, of counsel), for Card Towing Line, Inc.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (John F. Quarto, Sp. Asst., of New York City, of counsel), for respondent-impleaded.

KENNEDY, District Judge.

On the 30th day of April 1946 I filed an opinion in the above-captioned suits. I exonerated the tug Dauntless and her owners from liability for the collision from which the suits arose. I held the tugs Rowen Card and Port Henry liable to the owners of the damaged scows, and Port Henry liable to Rowen Card for half of the latter's damages. The United States of America, as owner of Port Henry, and the Card Towing Line, Inc., as owner of Rowen Card, have moved for reargument.

The United States urges that Dauntless was at least partly to blame, because as she approached Port Henry and the vessels under her charge (Rowen Card and Delaware), the position of the latter had not changed. But, as I tried to point out in my opinion, Port Henry and Rowen Card were showing running lights, although they were at anchor. Dauntless blew a timely signal (one blast) indicating she believed herself to be the burdened vessel, as she would have been if Port Henry, Rowen Card and Delaware were really under way. This blast was not heard (another fault) and at the last moment Port Henry blew two blasts, whereupon Dauntless attempted unsuccessfully in extremis to cross the bows of the anchored vessels. If, in fact, Port Henry had been under way, as her lights deceptively said she was, and Dauntless attempted in such a case to justify a maneuver

654

across Port Henry's bow because her master thought the position of Port Henry had not altered, it is clear that Dauntless would have been solely at fault. Here, having been deceived by the lights of Port Henry and Rowen Card, she is now accused of fault on the theory that she should have paid no attention to the lights. I think that merely to state this contention is to answer it.

■ Rowen Card complains that she was held in fault at all. At the time of the collision she was out of control because of rudder trouble, and Port Henry had come to her assistance. Therefore, says Rowen Card, she was in the same category as a dumb barge and is not to be held accountable for deceptive lights. By those lights she falsely told Dauntless she was a. tug under way and, therefore, she surely contributed to the disaster. Her argument now amounts to the assertion that under no circumstances can a vessel without motive power be held at fault in respect of lights. That assertion is simply wrong.

I have granted the motion for reargument. On reargument I adhere to my original decision.